United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE LINGENFELTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | Case No.: 5:13-CV-00101-EJD<br><br>**ORDER GRANTING JUDGMENT FOR DEFENDANT** |

Plaintiff Michelle Lingenfelter brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's final decision finding Plaintiff not disabled and denying her claim for disability benefits. Plaintiff seeks an order reversing the final decision and awarding benefits or, in the alternative, remanding for further administrative proceedings. Although neither party has filed a request for a dispositive motion,[1] entry of judgment is appropriate at this time because both parties have briefed their positions and the Court

[1]Typically, Social Security appeals filed in this district are presented for the Court's decision by way of the parties' cross-motions for summary judgment. The Court notes, however, that this case was transferred from the Eastern District of California after conclusion of the briefing.

is authorized to enter judgment based only upon the pleadings and the administrative record. See 42 U.S.C. § 405(g).

Having carefully considered the parties' filings and the administrative record, the Court GRANTS judgment for Defendant.

## I. BACKGROUND

### a. Procedural History

On March 17, 2006, Plaintiff filed an application for disability insurance benefits, claiming disability beginning January 14, 2008. Administrative Record ("AR") at 133-34. The claim was denied initially on May 26, 2009, and again on February 4, 2010, on reconsideration. Id. at 113-17, 119-24. Thereafter, Plaintiff filed a request for hearing on March 27, 2010. Id. at 125. On January 7, 2011, Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Betty Roberts Barbeito. Id. at 68-106. Plaintiff, represented by attorney Jeff Milam, testified on her own behalf. Id. at 72-99. Judge Barbeito also heard testimony from vocational expert ("VE") Ronald Morrell, who testified that Plaintiff would be able to perform the requirements of sedentary work such as a receptionist and information clerk. Id. at 99-105. In a written decision dated February 11, 2011, Judge Barbeito found that Plaintiff was not disabled and denied her application for disability insurance benefits. Id. at 22-41.

Subsequently, Plaintiff requested review of the ALJ's decision from the Appeals Council. Id. at 20-21. On November 8, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Id. at 1-6. Plaintiff then commenced this action for judicial review.

### b. Plaintiff's Personal, Vocational, and Medical History

Plaintiff was born on September 12, 1972. Id. at 73. She received a high school diploma and a certificate for medical assisting from college. Id. at 76. Plaintiff's past work experience includes medical assisting and project administration. Id. at 77. She has not worked since a work related injury in April of 2011, and alleges that a combination of impairments has kept her from working. Id. at 80.

United States District Court
For the Northern District of California

Plaintiff suffers from ongoing fibromyalgia in her neck, back, and arms. Id. at 81-83. Another impairment that hinders Plaintiff is her depression, which causes her to be easily fatigued and overwhelmed. Id. at 85. She has attempted to treat her depression with Prozac, but it failed and she indicates that she suffers five bad days per week. Id.

Plaintiff also complains of migraines and tension headaches several times a week. Id. at 86-87. Her visual problems, gastrointestinal problems, carpel tunnel syndrome, and asthma cause additional grief. Id. at 87-90.

## II. LEGAL STANDARD

### a. Standard for Reviewing the ALJ's Decision

The Court has authority to review an ALJ's decision denying disability benefits pursuant to 42 U.S.C. § 405(g). The Court's jurisdiction, however, is limited to determining whether the denial of benefits is supported by substantial evidence in the administrative record. Id. Reversal of an ALJ's decision is only appropriate where it is not supported by substantial evidence or if the decision was based on legal error. Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

"Substantial evidence" is more than a scintilla, but less than a preponderance. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The standard requires relevant evidence that a "[r]easonable mind might accept as adequate to support a conclusion." Vertigan, 260 F.3d at 1049 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion which must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

### b. Standard for Determining Disability

To qualify for disability insurance benefits under the Social Security Act, a Plaintiff must establish the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must also be so severe that a claimant is unable to do her previous work, and "cannot, considering her age, education, and work experience engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability," which is evaluated using a five-step process. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005). If the claimant proves a prima facie case of disability as to the first four steps, then the fifth step shifts the burden and the Commissioner must establish that the claimant can perform "a significant number of other jobs in the national economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

The ALJ evaluates Social Security disability cases using a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920.

1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments, 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the

claimant is not disabled. If he cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

## III. DISCUSSION

The ALJ made the following findings and conclusions on the five steps: (1) for step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 14, 2008, through her date last insured, December 31, 2008; (2) for step two, the ALJ determined that Plaintiff had severe impairments consisting of fibromyalgia, myofascial pain, and elevated erythrocyte sedimentation rate; (3) for step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment; (4) for step four, the ALJ determined that Plaintiff had residual functional capacity to perform a full range of sedentary work; (5) for step five, the ALJ determined Plaintiff had acquired skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy.

Plaintiff challenges the ALJ's decision at steps 3, 4, and 5. She contends that the ALJ erred in rejecting the opinions of Dr. Fetters without sufficient reasons. Pl.'s Opening Br. at 4. Plaintiff also argues that the ALJ ignored Plaintiff's non-exertional impairments and gave insufficient reasons to discredit Plaintiff's testimony. Id. at 5. Having considered Plaintiff's contentions and the record as a whole, the Court finds that the ALJ committed no legal error and had sufficient evidence to support her decision denying benefits.

### a. Evidence Supporting the ALJ's Rejection of the Opinion of Dr. Fetters

Plaintiff argues that the ALJ's reasoning for rejecting the opinions of Dr. Debra Fetters, Plaintiff's treating physician, was insufficient. Id. at 4-5. Plaintiff contends that the ALJ did not provide specific and legitimate reasons and therefore, Dr. Fetters' opinions "should be credited as true." Id. at 5.

In Social Security determinations, the weight prescribed to medical opinions depends in part on whether they are offered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of an examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). A rejection of a doctor's opinion may be based on evidence in the record that is inconsistent with that opinion. See Bayliss v. Barnhart, 427 F.3d 1211, 1216-17 (9th Cir. 2005).

The Court finds that the ALJ properly rejected Dr. Fetters' medical opinion because the ALJ provided specific and legitimate reasons supported by substantial evidence. As the ALJ noted, Dr. Fetters' Attending Physician's Statement of Disability form, which claims that Plaintiff has been totally disabled since April, 11, 2011, does not include a rationale for the conclusion. AR at 34. Further, the ALJ found that the internist's opinion on the form is inconsistent with the treatment records and objective findings. Id. For instance, the form fails to reference the period of reported relief when Plaintiff received trigger point injections in October 2008. Id. Consequently, the form may be rejected or minimized by the ALJ when drawing her conclusions as to whether to award Plaintiff benefits. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (finding that conclusory findings in the form of a checklist were properly rejected); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that the ALJ properly rejected opinion of treating physician since it was not supported by treatment notes or objective medical findings). The Court finds that the weight prescribed to Dr. Fetters' medical opinion was proper.

**b. Evidence Supporting the ALJ's Evaluation of Plaintiff's Non-Exertional Impairments**

Plaintiff argues that the ALJ erred in ignoring important non-exertional impairments. Pl.'s Opening Br. at 5. She argues the medical record establishes that she suffers from depression, vision problems, and asthma, and that the ALJ failed to address their significance. Id.

Plaintiff's argument is without merit. With respect to Plaintiff's depression, the ALJ noted that the mental impairment of depression "did not cause more than minimal limitation in the

claimant's ability to perform basic mental work activities." AR at 28. She then found that Plaintiff's depression caused only mild limitation in daily activities. Id. Regarding Plaintiff's vision problems, the ALJ noted the mild visual limitations as not significant to any exertional level. Id. at 34. Therefore, the ALJ clearly considered and addressed the significance of Plaintiff's depression and vision problems.

As for asthma, the Court notes initially that the ALJ did not expressly reference Plaintiff's asthma in her decision. Id. at 22-37. However, Plaintiff did not list asthma as an impairment in either her application for benefits or her application for reconsideration thereof. Id. at 133-134, 118. Thus, the ALJ was not effectively notified of Plaintiff's asthmatic impairment. See Johnson v. Chater, 969 F.Supp. 493, 509 (N.D. Ill. 1997) ("[W]hen an applicant for social security benefits is represented by counsel, the [ALJ] is entitled to assume that the applicant is making his strongest case for benefits.") (quoting Glenn v. Sec'y of Health & Human Servs., 814 F.2d 387, 391 (7th Cir. 1987)).

The Court further acknowledges the lack of evidence in the record indicating that asthma affects Plaintiff's ability to work. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (explaining "[t]he mere diagnosis ... says nothing about the severity of the condition"). In fact, Plaintiff's argument is limited to a brief paragraph and a mere assertion that the ALJ "did not consider asthma" which ultimately affected the vocational expert's testimony. Pl.'s Opening Br. at 5. Yet, while the ALJ has a duty to explore relevant facts and issues necessary for adequate development of the record, the ALJ has no duty to consider an impairment absent an allegation of such impairment and record evidence of a resultant limitation or restriction. See Social Security Ruling 96–8P, 1996 WL 374184, at *3 (July 2, 1996) ("[W]hen there is no allegation of a ... limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.") Because Plaintiff failed to show how asthma affects her functioning, the argument as to this issue is without merit.

**c. Evidence Supporting the ALJ's Evaluation of Plaintiff's Credibility**

The ALJ is required to make specific credibility findings which "make clear to the individual and to any subsequent reviewers the weight the adjudicator gave the individual's statements and the reasons for that weight." Social Security Ruling 96–7P, 1996 WL 374186, at *2 (July 2, 1996). In making this credibility analysis, "the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." Id.

A court's review of an ALJ's decision regarding credibility determinations is limited. See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."). A court must give deference to the ALJ's assessment of a plaintiff's credibility if it is supported by the record and applicable legal standards. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)).

In the present case, the ALJ's conclusion that Plaintiff's credibility had been undermined was supported by substantial evidence in the record. AR at 31-32. To make that finding, the ALJ highlighted two inconsistencies throughout the record. First, the ALJ determined Plaintiff's ability to participate in certain daily activities conflicted with her alleged disabling functional limitation. Id. Second, the ALJ found Plaintiff's subjective description of her medical symptoms concerning their intensity, persistence and limiting effects to be less than entirely credible to the extent that they were inconsistent with medical and treatment records. Id. at 32.

The ALJ's first conclusion is supported by substantial evidence in the record. Plaintiff testified that as part of her daily activities, she cooked dinner, drove, shopped, and performed household chores. Id. at 90-92. The ALJ found that those described daily activities required some of the same abilities necessary for employment. Id. at 31. As a result, the ALJ concluded that Plaintiff's activities were inconsistent with her disabling condition, undermining her credibility.

The ALJ's second conclusion that the intensity, persistence, and limiting effects of the Plaintiff's symptoms are "not credible" was properly supported by the record and sufficiently specific to allow the Court to conclude the ALJ rejected the Plaintiff's testimony on permissible grounds. Id. at 32. The ALJ, in making her determination, analyzed Plaintiff's medical and treatment record. Id. The ALJ found that many of Plaintiff's allegations were not supported by the records. Id. For example, the ALJ noted that Plaintiff's complaints of pain were not corroborated by magnetic resonance imaging ("MRI") or by use of trigger point injections. Id. From this, and other evidence in the record, the ALJ concluded Plaintiff's credibility had been undermined. The Court defers to the ALJ's assessment of Plaintiff's credibility because it is properly supported by the record and sufficiently specific to assure it was not capriciously discredited.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS judgment in favor of Defendant. The clerk shall CLOSE the file upon entry of judgment.

**IT IS SO ORDERED**

Dated: March 11, 2014

EDWARD J. DAVILA
United States District Judge